IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, SHEET METAL )
WORKERS' NATIONAL PENSION )
FUND, *et al.*, )
)
             Plaintiffs, )
)    Civil Action No. 1:16cv1139 (LMB/JFA)
v. )
)
ACCRA SHEETMETAL, LLC, )
)
             Defendant. )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 11). Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees for the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Board of Trustees of the National Energy Management Institute Committee ("NEMIC"), and the Board of Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT") and they seek a default judgment against Accra Sheetmetal, LLC ("Accra"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On September 6, 2016, the plaintiffs filed this action alleging that the defendant is obligated to pay them for certain overdue contributions, liquidated damages, interest, late

1

charges, and attorney's fees and costs. (Docket no. 1). The summons and compliant were served on Erik Adonis in person on November 2, 2016 at Accra's offices in Wyandanch, New York. (Docket no. 5). The return of service indicates that Mr. Adonis stated he was in charge, but he refused to provide his title. (*Id.*). In accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than November 23, 2016 which is 21 days after the summons and complaint were served on the defendant. (*Id.*).

The defendant failed to file a responsive pleading in a timely manner and on December 30, 2016, the plaintiffs filed their request for entry of default. (Docket no. 6). The Clerk of Court entered default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) on January 5, 2017. (Docket no. 8). On February 17, 2017, the plaintiffs filed a motion for default judgment with a supporting memorandum and declarations from Walter Shaw and David Keenan and a notice of hearing for February 24, 2017 at 10:00 a.m. (Docket nos. 11–13). The motion for default judgment, supporting memorandum, and notice of hearing were served on the defendant by mail on February 17, 2017. (*Id.*). On February 24, 2017, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant.

### **Factual Background**

The following facts are established by the complaint (Docket no. 1), the motion for default judgment (Docket no. 11), and the memorandum and declarations filed in support of the motion for default judgment (Docket no. 12).

This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1). Each of the

plaintiffs are "fiduciaries" with respect to their fund, as defined in 29 U.S.C. § 1002(21)(A), and they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). (Compl. ¶¶ 4–12). NPF and ITI are jointly trusted trust funds created and maintained pursuant to 29 U.S.C. § 186(c) and "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37). (Compl. ¶¶ 4–5). NEMIC and SMOHIT are jointly trusted trust funds created and maintained pursuant to 29 U.S.C. § 186(c). (Compl. ¶¶ 9–10). SASMSI is a "benefit plan" established by the International Association of Sheet Metal, Air, Rail, and Transportation Workers f/k/a Sheet Metal Workers' International Association ("Union") and employers to provide benefits to employees that are represented by the Union for purposes of collective bargaining. (Docket no. 12, Ex. 1 ¶ 3). The funds for which the plaintiffs bring this action are administered in Fairfax, Virginia. (Compl. ¶ 8; Docket no. 12, Ex. 1 ¶ 1).

Accra is a New York company with offices in Wyandanch, New York and is an employer in an industry affecting commerce as defined by 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), (11), and (12). (Compl. ¶ 13). Accra employs employees represented for the purposes of collective bargaining by the Sheet Metal Workers' International Association Local Union No. 28, which is a labor organization representing employees in an industry affecting interstate commerce ("Local Union No. 28"). (Compl. ¶ 14). Accra was a signatory to and bound by a collective bargaining agreement with Local Union No. 28. (Compl. ¶ 15). Accra is obligated to abide by the terms and conditions of the Trust Agreements establishing each of the funds, including any amendments thereto (the "Trust Agreements"). (Compl. ¶ 16).

Under the Labor Contract, Trust Agreements, and applicable law, Accra is obligated to submit monthly remittance reports and fringe benefits contributions to the plaintiffs for all hours worked or paid on behalf of defendant's covered employees no later than the twentieth day after

the end of each month during which covered work was performed. (Compl. ¶¶ 17–19). When an employer fails to make a timely remittance report and contribution payment and the funds file a lawsuit to recover unpaid contributions, the employer is obligated to pay interest on the delinquent contributions at the rate of 0.0233% per day, liquidated damages equal to the greater of interest on all delinquent contributions or 20% of the delinquent contributions, and the attorney's fees and costs incurred in pursuing the delinquent amounts. (Compl. ¶ 20). In addition, the Trust Documents require an employer to pay late fees for all contributions paid late, but prior to commencement of litigation, equal to the greater of 10% of the delinquent contributions or $50.00. (*Id.*).

In the complaint, the plaintiffs allege that for the months of January 2012 through March 2013 the defendant employed employees for whom contributions were due to the plaintiffs but defendant failed to submit remittance reports and make the required contributions. (Compl. ¶¶ 24, 28). Plaintiffs allege that defendant owes contributions in the total amount of $125,112.03, along with accrued interest in the amount of $56,094.05, and liquidated damages in the amount of $56,094.05. (Compl., Ex. 2). Plaintiffs also allege that defendant failed to pay the required contributions in a timely manner and defendant owes late fees in the amount of $50.00. (*Id.*)

In the memorandum in support of the motion for default judgment, plaintiffs state that they are owed the amounts as detailed below. (Docket no. 12, Exs. 5(a) & (b)). As described in the memorandum in support of the motion for default judgment and the declarations of Walter Shaw and Daniel Keenan, the plaintiffs are seeking an award of the unpaid contributions due for

January 2012 through March 2013, interest, liquidated damages, late charges, and attorney's fees and costs incurred in bringing this action.[1] (Docket no. 12).

| Plaintiff | Contributions | Interest through 8/3/2016 | Liquidated Damages | Late Fees | Costs and Attorney's Fees[2] | Total |
|---|---|---|---|---|---|---|
| NPF | $101,198.75 | $45,423.74 | $45,423.74 | $0.00 | $8,209.09 | $200,255.32 |
| ITI | $1,034.88 | $459.06 | $459.06 | $0.00 | $0.00 | $1,953.00 |
| SASMI | $22,447.20 | $10,019.98 | $10,019.98 | $0.00 | $0.00 | $42,487.16 |
| SMOHI | $172.48 | $76.52 | $76.52 | $25.00 | $0.00 | $350.52 |
| NEMIC | $258.72 | $114.75 | $114.75 | $25.00 | $0.00 | $513.22 |
| Total | $125,112.03 | $56,094.05 | $56,094.05 | $50.00 | $8,209.09 | $245,559.22 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a

---

[1] There is a difference in the amounts sought in the motion for default judgment (Docket no. 11) and the complaint (Docket no. 1) because the complaint did not include the $8,209.09 claimed as attorney's fees and costs.

[2] The total amount of attorney's fees and costs are included with NPF, the lead plaintiff with the highest amount owed by the defendant.

court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under section 502 of ERISA, 29 U.S.C. § 1132. (Compl. ¶ 1). Section 502 provides that the district courts of the United States have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multiemployer plan. The plaintiffs further allege that this court has subject matter jurisdiction under section 301 of the LMRA, 29 U.S.C. § 185. (Compl. ¶ 1). That section provides that United States district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185 because it is brought under the LMRA for violation of a contract between an employer and a labor organization.

Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The plaintiffs state that the respective funds are administered in Fairfax, Virginia. (Compl. ¶ 8; Docket no. 12, Ex. 1 ¶ 1). Venue is proper in this court and this court has personal jurisdiction over the defendant since the respective funds are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the

defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

### Grounds for Entry of Default

The summons and compliant were served on Erik Adonis in person on November 2, 2016 at Accra's offices in Wyandanch, New York. (Docket no. 5). The return of service indicates that Mr. Adonis stated he was in charge, but he refused to provide his title. (*Id.*). Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due on November 23, 2016, which is 21 days after service of process on defendant. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on December 30, 2016. (Docket no. 6). The Clerk of Court entered a default on January 5, 2017. (Docket no. 8).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant.

### Liability and Measure of Damages

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

Plaintiffs bring this action as a two-count complaint. In Count I of the complaint, NPF, ITI, and SASMI allege that defendant violated 29 U.S.C. § 1145 by failing submit all contributions owed from January 2012 through March 2013 and seek an award of their unpaid contributions, interest, and liquidated damages. (Compl. ¶ 24). In Count II of the complaint, all plaintiffs seek contractual remedies under 29 U.S.C. § 185 for defendant's breach of the Labor Contract, Trust Agreements, and rules and regulations as adopted by the trustees of the ERISA funds. (Compl. ¶ 28). Regarding Count II, plaintiffs seek an award of the unpaid contributions from January 2012 through March 2013, interest on these unpaid contributions, liquidated damages, and pre-litigation liquidated damages. (Compl., Ex. 2).

As set forth in the complaint, Accra failed to submit remittance reports and contributions to all funds for the period January 2012 through March 2013. (Compl. ¶ 28). Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of –

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, plaintiffs submitted a declaration from Walter Shaw. (Docket no. 12, Ex. 1) ("Shaw Decl."). Mr. Shaw is the Billing and Eligibility Manager of the NPF and he is familiar with the payment histories of employers obligated to make contributions to each of the plaintiffs. (Shaw Decl. ¶ 1). The information contained in the declaration of Mr. Shaw and the Delinquency Calculation Summary attached as Exhibit 5(a) and Exhibit 5(b) to the memorandum in support of the motion for default judgment establish that Accra owes the plaintiffs the following amounts:

| Plaintiff | Contributions | Interest through 8/3/2016 | Liquidated Damages | Late Fees | Costs and Attorney's Fees[3] | Total |
|---|---|---|---|---|---|---|
| NPF | $101,198.75 | $45,423.74 | $45,423.74 | $0.00 | $8,209.09 | $200,255.32 |
| ITI | $1,034.88 | $459.06 | $459.06 | $0.00 | $0.00 | $1,953.00 |
| SASMI | $22,447.20 | $10,019.98 | $10,019.98 | $0.00 | $0.00 | $42,487.16 |
| SMOHI | $172.48 | $76.52 | $76.52 | $25.00 | $0.00 | $350.52 |
| NEMIC | $258.72 | $114.75 | $114.75 | $25.00 | $0.00 | $513.22 |
| Total | $125,112.03 | $56,094.05 | $56,094.05 | $50.00 | $8,209.09 | $245,559.22 |

Each of the funds are owed unpaid contributions for the period January 2012 through March 2013; interest calculated at the rate established under 28 U.S.C. § 1961 on ERISA statutory liability from the date the payment was due; and liquidated damages equal to the interest on the unpaid contributions pursuant to 29 U.S.C. §§ 1145 and 1132(g)(2)(c). (Docket no. 12, Exs. 5(a) & (b)). Plaintiffs also all seek late fees for defendant's breach of the Labor Contract. (Docket no. 12, Ex. 5(a)). These late fees are calculated at the greater of fifty dollars or ten percent of contributions paid after the due date, whichever is greater. (*Id.*). Plaintiffs

---

[3] The total amount of attorney's fees and costs are included with NPF, the lead plaintiff with the highest amount owed by the defendant.

have apportioned the $50.00 across SMOHIT and NEMIC, and calculated these late fees for the period of September 2011 through October 2011. (*Id.*).

The plaintiffs submitted a declaration from Daniel Keenan detailing the attorney's fees and costs incurred in this action. (Docket no. 12, Ex. 6) ("Keenan Decl."). The total amount of the attorney's fees incurred was $7,388.00 and the total amount of costs was $821.09. (Docket no. 12, Ex. 7 at 2). The costs are comprised of $400.00 for the filing fee, $375.00 in service fees, $15.01 as a "special delivery" fee, and $31.08 in photocopies. (Docket no. 12, Ex. 7 at 7). The hourly rate charged for the attorney time was $220.00 for attorney shareholders, $195.00 for associate attorneys, and $80.00 for paralegals. (Keenan Decl. ¶ 4). The undersigned magistrate judge has reviewed the declaration of Mr. Keenan and recommends a finding that the hourly rates charged and the costs incurred by the plaintiffs are reasonable.[4] After reviewing the individual time entries, the court finds that the total amount of time and the costs incurred in pursuing this action and the amounts billed were reasonable.

ERISA does not provide a limitations period for actions brought under its civil enforcement provision, so courts borrow the most analogous statute of limitations from the state law. *Bd. of Trs. v. D'Elia Erectors, Inc.*, 17 F. Supp. 2d 511, 513 (E.D. Va. 1998). This court has held that the most analogous provision is Va. Code § 8.01-246(2), which provides for a five-year limitations period for actions for breach of written contracts. *Id.* at 513-14. Although the time period is borrowed from state law, the time at which the cause of action accrues is

---

[4] The Keenan declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable hourly rate. However, since the defendant has not contested the hourly rates in this case, the court will accept the allegations set forth by the plaintiffs concerning the reasonableness of those rates. The hourly rates and costs requested are consistent with the rates and costs incurred in similar cases and awarded by this court.

determined by federal law. *Id.* at 514. The Fourth Circuit has acknowledged that failing to raise a defense of statute of limitations usually waives that defense. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006) (recognizing that courts can engage in *sua sponte* consideration of statute of limitations when it plainly appears on the face of either a petition for habeas corpus under 28 U.S.C. § 2254 or a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915).

Here, plaintiffs are seeking unpaid contributions from January 2012 through March 2013. (Compl. ¶¶ 24, 28). This complaint was filed on September 9, 2016, so these claims were filed within the applicable five-year statute of limitations. Moreover, the Fourth Circuit's position that *sua sponte* consideration of a statute of limitations defense should be done sparingly advises the court against raising possible statute of limitations questions.

For these reasons, the undersigned recommends that a total judgment be entered against Accra Sheetmetal, LLC in the amount of $245,559.22, which includes unpaid contributions of $125,112.03, interest of $56,094.05, liquidated damages of $56,094.05, late fees of $50.00, and attorney's fees and costs of $8,209.09.

## Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to Accra Sheetmetal, LLC, 25 Mount Avenue, Wyandanch, New York 11798, the parties are notified that objections to the proposed findings of fact and recommendations must be filed within fourteen (14) days of service of the proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives

appellate review of any judgment or decision based on the proposed findings of fact and recommendations.

ENTERED this 24TH day of February, 2017.  /s/ JFA
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia